THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent, *v.* STATE TAX COMMISSION, Appellant. (Taxes for 1919–1921, Town of Stockport.)

Third Department, November 15, 1923.

Taxation — railroads — special franchise tax — grant to railroad of right to cross bay of Hudson river not special franchise.

The right of the New York Central railroad to construct and operate its road across a bay of the Hudson river under a grant from the State is not a special franchise subject to taxation.

APPEAL by the State Tax Commission from a final order of the Supreme Court in certiorari proceedings to review a special franchise tax assessment entered in the office of the clerk of the county of Albany on the 8th day of December, 1922, upon the report of a referee, canceling the relator's assessment in the town of Stockport, Columbia county, N. Y., for the year 1919.

Appeals from two similar orders relating to the assessments for the years 1920 and 1921, respectively, and involving the same questions, by stipulation, were argued with this appeal and are decided herewith, only one opinion being delivered.

36

*Carl Sherman, Attorney-General [John M. Farrell, Deputy Attorney-General,* of counsel], for the appellant.

*Alexander S. Lyman [George H. Walker* of counsel], for the respondent.

H. T. KELLOGG, J.:

The Stockport creek, a stream in Columbia county, discharges its waters into a bay of the Hudson river. The relator's tracks, upon embankments and bridges, cross the mouth of the bay. The relator occupies the uplands by virtue of a grant from the upland owner, and occupies the land under water by virtue of a grant from the State of New York. The State Tax Commission has held that, because the tracks of the relator cross the waters of the Hudson river, a navigable stream, the relator exercises special franchises, and accordingly the Commission has assessed the relator therefor. In *People ex rel. Hudson & Manhattan R. R. Co.* v. *Tax Comrs.* (203 N. Y. 119) the relator was the grantee of a right of way 160 feet wide and 40 feet high under the waters of the Hudson river, and within such strip constructed tunnels through which it operated its railway trains. The grant of the right of way was made to it by the Commissioners of the Land Office of the State. It was held that the construction of the tunnels and the use of the same did not constitute an exercise of special franchises. In delivering the opinion of the court, Chief Judge CULLEN took up the very question now presented, and said: " I do not see how it is possible to differentiate this case from great portions of the New York Central railroad which, between New York and Albany, have for long distances been constructed within the bounds of the Hudson river under authority given that company's predecessor by the act of 1846* to so construct its road, and the title to the land acquired from grant of the Land Commissioners. (*N. Y. Central & H. R. R. R. Co.* v. *Aldridge,* 135 N. Y. 83.) Surely nobody has ever thought that that company was exercising any special franchise within the meaning of the statute, where the road runs in the bed of the river from point to point." The words of Judge CULLEN would seem to be conclusive to determine the question at issue.

The orders should be affirmed, with costs.

COCHRANE, P. J., HINMAN, HASBROUCK and McCANN, JJ., concur.

Final orders unanimously affirmed, with costs.

* See Laws of 1846, chap. 216, as amd.— [REP.